

# The Attorney General of Texas

March 24, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.~20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. William P. Daves, Jr.
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas    78786

Opinion No. JM-19

Re:   Whether the commissioner
of insurance is an "employee"
or "officer" for purposes of
article 6252-8b, V.T.C.S.

Dear Mr. Daves:

You ask:

> Is a commissioner of insurance, appointed pursuant to the provisions of article 1.09 of the Texas Insurance Code, an 'employee' or an 'officer' of the state of Texas for purposes of accrual of and payment for annual leave time under the provisions of article 6252-8b, V.T.C.S.?

Article 6252-8b, V.T.C.S., provides in pertinent part:

> Section 1. A <u>state employee</u> who resigns, is dismissed, or separated from state employment shall be entitled to be paid in a lump sum for all vacation time duly accrued at the time of separation from state employment; provided the employee has had continuous employment with the state for six months. (Emphasis added).

In your letter to this office, you stated that Attorney General Opinion MW-517 (1982) prompted your question. In that opinion, this office held that the commissioner of education is not entitled to accrue vacation time under article V, section 7 of the General Appropriations Act, and that he is therefore ineligible for any payment under article 6252-8b. The opinion reasoned that both article V, section 7 of the General Appropriations Act and article 6252-8b apply only to "state employees," and that under <u>Aldine Independent School District v. Standley</u>, 280 S.W.2d 578, 583 (Tex. 1955), which holds that an individual is a "state officer" if he exercises any sovereign function of government for the benefit of the public and largely independent of the control of others, the commissioner of education is not a "state employee."

Your question caused us to reexamine the reasoning and conclusions of Attorney General Opinion MW-517 and some of the prior opinions upon which it relied. We now conclude that these opinions are at least partially erroneous.

In reaching its conclusions, Attorney General Opinion MW-517 relied upon prior attorney general opinions. Attorney General Opinion M-1279 (1972) was the first such opinion to hold explicitly that article V, section 7 of the General Appropriations Act does not apply to "state officers." This opinion pointed out that under the 1971 appropriations act, Acts 1971, Sixty-second Legislature, chapter 1047, article V, section 7, at 3796, only "annual employees of the State" accrued vacation time. Then, without defining the relevant terms or offering any reasoning, the opinion simply asserted that "state officers" are outside the ambit of article V, section 7. In so doing, it impliedly took the position that "state officer" and "state employee" are mutually exclusive categories.

Attorney General Opinions M-1280 (1972) and H-715 (1975) were the next two opinions to conclude that article V, section 7 does not apply to "state officers." Neither opinion reached this conclusion after independent analysis, however; on the contrary, both simply restated the conclusion reached in Attorney General Opinion M-1279 without questioning or reexamining it. By the time that Attorney General Opinion MW-517 was decided, therefore, this conclusion, having been stated in at least three opinions issued during a ten-year time span, had come to be regarded as a virtual truism, even though no reasoning or authorities had ever been marshalled to support it.

We have now reexamined this conclusion, and we conclude that it is incorrect.

Three years before Attorney General Opinion M-1279 was issued, the legislature enacted article 6252-8a, V.T.C.S. Acts 1969, 61st Leg., ch. 217, at 633. The article was amended in 1971. Acts 1971, 62nd Leg., ch. 106, §1, at 866. Since 1971, this article has provided in relevant part as follows:

> Section 1. 'Employee' as used in this Act means any appointed officer or employee in a department of the State who is employed on a basis or a position normally requiring not less than 900 hours per year, but shall not include members of the Legislature or any incumbent of an office normally filled by vote of the people; [and others not relevant here].

> Sec. 2. Upon the death of a state employee, the state shall pay his estate for all of the

> employee's accumulated vacation leave and for one-half of his accumulated sick leave. The payment shall be calculated at the rate of compensation being paid the employee at the time of his death.

Attorney General Opinion M-1279 did not completely overlook article 6252-8a, but we believe that it did fail to attach sufficient importance to that article. Then, as now, the subject of article V, section 7 of the General Appropriations Act was "Employees Vacations and Leaves," including sick leave. The subject of article 6252-8a was, and is, the entitlement of the estate of a deceased "state employee" to payments for that employee's accrued but unused vacation and sick leave. In our opinion, because article V, section 7 and article 6252-8a dealt with the same general subject, viz., the vacation and sick leave benefits of a "state employee," Attorney General Opinion M-1279 should have read the two provisions together and concluded that the definition of "state employee" set forth in the latter provision should also apply to the former. In this context, we note that it hardly seems likely that the legislature which enacted article 6252-8a intended to afford the estates of certain deceased state employees an entitlement to something that did not exist. This conclusion follows if one concludes that some individuals who are included in the definition of "state employee" set forth in article 6252-8a are not "state employees" within the meaning of article V, section 7 of the General Appropriations Act and therefore cannot accrue vacation time under that provision.

We now turn to article 6252-8b, enacted in 1975. The language of this provision is virtually identical to the language of a portion of article V, section 7 of the 1971 appropriations act with which Attorney General Opinion M-1279 was concerned. We have already said that, for purposes of this section, "state employee" should be defined as it is defined in article 6252-8a. Because the language of this portion of article V, section 7 and the language of article 6252-8b are essentially the same, we believe that "state employee," within the meaning of the latter provision, was intended to have, and has, the same meaning.

We therefore conclude that the article 6252-8a definition of "employee" also applies to article V, section 7 of the General Appropriations Act and to article 6252-8b, V.T.C.S. The terms "state officer" and "state employee" are, in other words, not necessarily mutually exclusive. An individual may be an "officer" under Aldine Independent School District v. Standley, supra, and still be an "employee" within the meaning of these provisions. To the extent that they hold or indicate otherwise, Attorney General Opinions M-1279, M-1280, H-715, MW-517, and any others are overruled.

In our opinion, our conclusion is, for several reasons, the most reasonable one.  First, it means that three legislative enactments which deal with the same general subject apply to the same individuals.  Second, it accounts for the legislature's failure to define "state employee" when it enacted article 6252-8b.  Finally, it avoids the anomalous result that would inevitably occur if we were to conclude that decisions as to whether a particular individual is within article V, section 7 and article 6252-8b should turn on whether he is an "officer" or "employee" under the Aldine test.  Under this test, some administrative heads of agencies may be in one category, and some in the other.  Just as we do not believe that the legislature intended that some "officers" would be within the ambit of article 6252-8a but outside the scope of article V, section 7 and article 6252-8b, we do not think that it intended the applicability of the latter two provisions to turn solely upon the nature of the duties and responsibilities of the individual involved.

The remaining question concerns the application of these provisions to the commissioner of insurance.  Under article 1.09 of the Insurance Code, the commissioner is appointed by the State Board of Insurance.  In our opinion, he is within the article 6252-8a definition of "employee."  Accordingly, he is entitled to accrue vacation time under article V, section 7 of the appropriations act, and to payments for accrued but unused time under article 6252-8b.

## S U M M A R Y

The commissioner of insurance is entitled to accrue vacation time under article V, section 7 of the General Appropriations Act and to receive payments for accrued but unused leave time under article 6252-8b.  Attorney General Opinions M-1279, M-1280, H-715 and MW-517 are overruled to the extent that they conflict with this opinion.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

p. 89

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Charmaine Rhodes